21 So.2d 719

## BURK v. LIVINGSTON PARISH POLICE JURY.

### No. 37472.

Feb. 19, 1945.

Rehearing Denied March 26, 1945.

H. W. & H. M. Robinson, of New Orleans, Reid & Reid, of Hammond, and C. Paul Phelps, of Ponchatoula, for plaintiff-appellant.

Bolivar E. Kemp, Jr., Dist. Atty., of Amite, W. C. Perrault, Asst. Atty. Gen., and Joseph A. Sims, Asst. Dist. Atty., of Hammond, for defendant-appellee.

PONDER, Justice.

In this suit, the plaintiff, William R. Burk, an architect, seeks to recover from the defendant, the Livingston Parish Police Jury, $2,519.49 with legal interest from judicial demand as the balance due under a compromise agreement entered into be-

tween him and the defendant on April 10, 1940. The defendant takes the position that the compromise agreement is null and of no effect, and that a resolution of January 13, 1937, fixing the compensation of the plaintiff, is the governing contract between the parties. In reconvention, the defendant asks for the annulment of the compromise agreement and the return of payments made thereunder. The plaintiff's demand and the defendant's reconventional demand were rejected by the lower court. The plaintiff has appealed.

Sometime during the year 1933, the defendant employed the plaintiff by contract to draw the plans and specifications of a courthouse and jail building to be erected at a cost of $225,000. There is no copy of this contract in the record. The plaintiff prepared the plans and specifications for the building, but the building was never erected for the reason that no funds were made available for the project.

Thereafter on June 30, 1936, the defendant employed the plaintiff to draw plans and specifications for the erection of a courthouse and jail at a lesser cost. The jail and courthouse were not erected under this contract because of the failure of the defendant to secure the necessary funds.

On January 13, 1937, the defendant employed the plaintiff to draw the plans and specifications for a courthouse and jail to be erected at a cost of $165,000. The president of the Livingston Parish Police Jury executed and the plaintiff signed and accepted a formal contract on December 28, 1937. The resolution of January 13, 1937, and the formal contract signed in pursuance thereto contemplated the erection of a building at a cost of $165,000. At that time, the defendant planned to secure supplemental funds in the amount of $65,000 from an agency of the federal government. The defendant failed to secure these funds, and it became necessary to readjust the specifications so as to erect a courthouse and jail within its budget, funds to be provided for by the sale of bonds in the amount of $100,000 to be obtained in pursuance to an election held in the parish authorizing their issuance.

On April 9, 1940, the plaintiff presented to the defendant a statement of the services he had rendered and the expenses he had incurred during the period beginning in the year 1933 up to that date. He informed the defendant that it would be necessary to revise the plans and rewrite the specifications in order to keep within the new budget of expenditures since the defendant had failed to secure the additional or supplemental funds from an agency of the federal government. The plaintiff advised the defendant that he would be unable to continue his services unless some provision was made to pay him. Up to that time, the plaintiff had received no payment from the defendant. The plaintiff's bill for his services and expenses called for $17,883.34. He informed the defendant that he would be willing to reduce his bill to $12,419.49 as an amicable adjustment if some provision was made for its payment. This offer was accepted by the defendant by a resolution unanimously adopted on April 10, 1940.

It is stated in the resolution of April 10, 1940, that the defendant had made several sincere efforts extending over a period of approximately ten years to erect a courthouse and jail and had employed the services of the plaintiff during that period of time; that the plaintiff had fully and conscientiously completed his work at stated intervals, but because of lack of funds, the defendant had been unable to make any payment to the plaintiff; that in as much as the defendant was unsuccessful in the sale of bonds and thereby lost the grant offered by the Federal Public Works Administration, it must now ask the architect to make further changes in the plans and to rewrite the specifications in order to keep within the new budget of expenditures; and that it is necessary to have a clear understanding regarding the amount due the plaintiff for his past and future services in order that the amount necessary for construction purposes may be ascertained.

■ The defense to the plaintiff's suit is based on the ground that the resolution of January 13, 1937, fixing the compensation of the plaintiff at 7% of the total cost of the project, constitutes the governing contract between the parties, and that the compromise agreement of April 10, 1940 is null and void in that it is an unlawful donation of public funds in violation of Article IV, sec. 3, and Article IV, sec. 12, of the Constitution. The defendant also contends that the contract signed by the president of the police jury on December 28, 1937, is null and void for the reason that the president of the police jury could not execute any contract departing from

the terms of the resolution of January 13, 1937.

With respect to the contract executed by the president of the police jury on December 28, 1937, we agree with the contention advanced by the defendant. However, we cannot agree with its contention that the resolution of January 13, 1937, is the governing contract between the parties. The theory upon which the defendant bases its contention, that the resolution of January 13, 1937, is controlling, is to the effect that all prior contracts had been merged by that resolution. There is nothing in the resolution indicating the merging of prior contracts.

From our appreciation of the documentary evidence and the evidence offered on behalf of the plaintiff, which is not contradicted, the compromise agreement is the governing contract between the parties for the reason that the jail and courthouse were actually built under the revised plans and specifications provided for in this agreement and not under the resolution of January 13, 1937, which when adopted contemplated the erection of a building at a cost of $165,000.

Since we have arrived at the conclusion that the resolution of April 10, 1940, which was formally accepted by the plaintiff, is the governing contract between the parties, we are compelled to reverse the judgment of the lower court because the plaintiff seeks to recover only the amount due under this agreement and no amount in excess thereof. Such being the case, there is no attempt to recover a gratuity or addi-

tional compensation. Consequently, the case of Picard Const. Co. v. Board of Com'rs of Caddo Levee District, 161 La. 1002, 109 So. 816, relied on by the defendant, is not applicable.

For the reasons assigned, the judgment is reversed and set aside, and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff and against the defendant for the sum of $2,519.49 with legal interest from judicial demand at defendant's cost.