392 So.2d 783 (1980)
Hugh MARCEAUX, Plaintiff-Appellant,
v.
TOWN OF LAKE ARTHUR et al., Defendant-Appellee.
No. 7988.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
*784 Donald R. Jory, Jennings, for plaintiff-appellant.
F. Jefferson Millican, Jennings, Sharon F. Lyles, Baton Rouge, for defendant-appellee.
Before FORET, CUTRER and LABORDE, JJ.
LABORDE, Judge.
This is a suit for damages resulting from an alleged unjust enrichment. Plaintiff appeals the district court judgment sustaining the exception of no cause of action and dismissing his suit.
The issue on appeal is: Does plaintiff's petition state a cause of action for unjust enrichment? We hold that it does.
Plaintiff in this suit is Hugh Marceaux, the twenty year owner and operator of Price's Fish Market located on the shore of Lake Arthur in Lake Arthur, Louisiana. The two defendants are the Town of Lake Arthur and the Department of Transportation and Development.
Plaintiff alleges that he owned and equipped the building housing his fish market but leased the location from the Town of Lake Arthur. In the mid 1960's, a project was initiated to develop the existing lakefront in the Town of Lake Arthur. Plaintiff's business, with its shoreside location, was within this development zone. Plaintiff's petition further alleges that defendants jointly administered this development project; that defendants, at the project's beginning and continuously throughout, encouraged plaintiff to remain in business at that location; and that defendants promised plaintiff reimbursement and compensation for the loss of his business and building.
According to the petition, plaintiff relied on the promises of defendants and kept his business at that location even though he could have purchased lakefront property elsewhere at an economically feasible price. At the present time, there is no lakefront property available. As a result of his reliance on defendants' representations, plaintiff claims he lost his business and suffered damages totaling $60,000.
The Town of Lake Arthur filed a pretrial exception labeled "Peremptory Exception of No Right of Action." In this exception, the Town alleged:
"The plaintiff's petition discloses no right or cause of action because under the provisions of Louisiana Revised Statutes 33:762 all contracts involving expenditures of money must be by approval of the Mayor and Board of Aldermen; that petitioner never entered into any contract *785 with the Town of Lake Arthur for any reimbursement for loss of business and same was never acted upon by the Mayor and Board of Aldermen."
The trial court sustained the exception and dismissed plaintiff's suit after stating, "There is nothing in the record to support a cause of action by this plaintiff."
The allegations of the exception, the arguments of counsel, and the rationale of the trial judge's ruling relate to the sufficiency in law of plaintiff's petition to state a case which legally entitles the petitioner to the redress sought. Thus, even though the Town labeled its exception as one of no right of action, we conclude that it is instead an exception of no cause of action.
We now review plaintiff's petition to determine whether it states a cause of action. In order to state a cause of action for unjust enrichment, plaintiff must allege in his petition the concurrence of these elements:
"1. An enrichment.
2. An impoverishment.
3. A connection between the enrichment and the impoverishment.
4. An absence of justification for the enrichment or impoverishment.
5. The absence of any other remedy at law."

Daspit v. City of Alexandria, 342 So.2d 683 (La.App.3rd Cir. 1977), writ refused, 344 So.2d 1056 (La.1977); Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967).
We conclude that plaintiff's petition states a cause of action. This first element is met by paragraphs (2), (4), (7), and (8) which alleged as follows: (2) "for many years (plaintiff) was the owner and operator of Price's Fish Market ..."; (4) "... (plaintiff) leased this property from the Town of Lake Arthur"; (7) "... (plaintiff) was encouraged by the Town of Lake Arthur and the Department of Public Works to remain in business at the location he occupied"; (8) "the Town of Lake Arthur... and the Department of Public Works... continually represented to (plaintiff) that he would be fairly reimbursed for the loss of his business and that he would be compensated for the loss of his buildings."
An impoverishment, the second element, is stated as a conclusion in paragraph (11) of the petition and is supported by the allegations of fact in paragraphs (9) and (10).
The requirement of a connection between the enrichment and the impoverishment, the third element, is met by the allegations of paragraphs (7), (8), and (11) which alleged that plaintiff was encouraged to remain in business at the location he occupied, that he would be reimbursed and compensated for his losses, and that plaintiff relied upon these representations to his detriment and therefore lost his business and its value as a going concern.
Fourth in the above enumeration, an absence of justification for the enrichment or impoverishment, is inherent in this action for "unjust enrichment."
The fifth element, the absence of any other remedy at law, is met because LSA-R.S. 33:762 provides that all contracts in involving expenditures of money by municipalities must be by approval of the Mayor and Board of Aldermen. That was not done here, leaving plaintiff with no available administrative remedy.
In Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975), the Supreme Court vigorously reaffirmed the basic principle that in considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in favor of maintaining its sufficiency to afford the litigant an opportunity to present his evidence. We have considered the legal sufficiency of plaintiff's petition in accordance with this mandate. We conclude that plaintiff has alleged a cause of action for unjust enrichment.
For the reasons assigned, the judgment of the trial court is reversed, the peremptory exception of no cause of action is overruled and this case is remanded to the district *786 court for proceedings according to law and consistent with the views expressed in this opinion. All costs of this appeal are assessed against the defendant, Town of Lake Arthur, in the amount of $133.90 as provided by law, LSA-R.S. 13:4521, 13:5112; all other costs are to await further proceedings.
REVERSED AND REMANDED.