DOMENGEAUX, Judge.
This is a suit for damages resulting from an alleged unjust enrichment.[1] Plaintiff-appellant, Hugh Marceaux, is the twenty year owner and operator of Price’s Fish Market located on the shore of Lake Ar *611 thur, in Lake Arthur, Louisiana. The defendants-appellees are the Town of Lake Arthur and the Department of Transportation and Development of the State of Louisiana.
We ascertain the facts to be as follows:
Plaintiff owned and equipped the building housing his fish market, but leased the location from the Town of Lake Arthur. In the mid-1960s a project was initiated to develop the existing lakefront in the Town of Lake Arthur into a recreational beach and park. The development, which was jointly administered by defendants, was to proceed in three phases. Plaintiff’s business, with its shoreside location, was within the development zone of phase three of this project.
Plaintiff contends that defendants, at the project’s beginning and continuously throughout, encouraged him to remain in business at that location; and that defendants promised plaintiff reimbursement and compensation for the loss of his building and businesses upon relocation. Conversely, defendants contend that plaintiff was never encouraged to stay at his shoreside location, nor was he ever promised that he would be reimbursed for losses and the cost of relocating. After trial on the merits the district court dismissed plaintiff’s unjust enrichment claim at plaintiff’s costs. We affirm.
Plaintiff appeals contending that the trial court erred in:
(1) finding there was no unjust enrichment thereby dismissing his claim; and,
(2) failing to admit parol evidence.
By addressing plaintiff’s first assignment of error we find it unnecessary to specifically address his second.
In order to establish a claim for unjust enrichment plaintiff must prove:
“1. An enrichment.
2. An impoverishment.
3. A connection between the enrichment and the impoverishment.
4. An absence of justification for the enrichment or impoverishment.
5. The absence of any other remedy at law.”
Daspit v. City of Alexandria, 342 So.2d 683 (La.App. 3rd Cir. 1977); writ refused 344 So.2d 1056 (La.1977); Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967).
La. R.S. 33:762 provides that all contracts involving expenditures of money by municipalities must be by approval of the Mayor and Board of Aldermen.
As we view the evidence, plaintiff has failed to show any connection between defendants’ alleged enrichment and plaintiff’s alleged impoverishment.[2] Even accepting as true all of the hearsay evidence, which was excluded by the trial judge and ultimately offered by proffer, we still find that plaintiff failed to prove any claim based on unjust enrichment. At best the evidence shows that members of the Lake Arthur Town Council and its former Mayor hoped to secure funds from the State to compensate relocated enterprises along the lake. Although this was the intent of the town authorities, the record reflects that no one ever promised plaintiff reimbursement or encouraged him not to relocate. All of the parties acknowledge that no formal resolution, as required under R.S. 33:762, supra, was ever adopted by the Town Council. Additionally, several witnesses admitted that the Town lacked funds to take on such an endeavor, and if any compensation was to be granted for reimbursement, the funds would have to come from an alternative source. No funds were allocated by the State for such use, consequently, plaintiff was not reimbursed.
As aforementioned, the record is void of any proof tending to establish that plaintiff was wrongfully coerced by authorities, Town or State, to remain on the leased premises until phase three of the project development, or that he was ever officially promised reimbursement for resulting loss *612 es and relocation. Unfortunately, it appears that plaintiff misinterpreted everyone’s expectations, i.e. the obtaining of state funding for reimbursement to the lakeside merchants, as meaning guaranteed revenues for such use. Although we sympathize with his position, we fail to see where plaintiff has any actionable claim against either defendants. Accordingly, we find that plaintiff failed to prove a connection between defendant’s alleged enrichment and his alleged impoverishment, and we therefore affirm the trial court’s judgment dismissing plaintiff’s action at his costs.
For the above and foregoing reasons the judgment of the trial court is affirmed. Costs on appeal are assessed against plaintiff.
AFFIRMED.

. This case was previously before us on appeal at 392 So.2d 783, in which we reversed the trial court’s granting of defendant’s motion of no cause of action, and remanded the action to the trial court for further proceedings.

. Although we do not specifically address this issue, the evidence tends to indicate that plaintiff falls short of proving the first two elements of his cause of action as well.