663 So.2d 102 (1995)
Virginia Gail EDWARDS, et al.
v.
Edward M. DAUGHERTY, Jr., et al.
No. 95-702.
Court of Appeal of Louisiana, Third Circuit.
August 16, 1995.
Clayton Arthur Larsh Davis, Winfield Earl Little Jr., Reuvan Nathan Rougeau, Samuel B. Gabb, Lake Charles, for Virginia Gail Edwards et al.
Michael H. Schwartzberg, Lake Charles, for Edward M. Daugherty Jr. et al.
John Lee Van Norman, III, Bryan Forrest Gill, Jr., Lake Charles, for City of Westlake.
Thomas Joseph Solari, John Freeman, George Manos, Jeffrey Goldwater, Chicago, IL, for Intern. Surplus Lines Ins. Co.
Clint D. Bischoff, Lake Charles, for United Community Ins. Co.
Michael Steven Beverung, Lake Charles, for Wayne McElveen, Sheriff of Calcasieu Parish.
Alfred V. Pavy Boudreaux, Lake Charles, for David Blanchard and Interstate Guaranty Ins. Co.
John Stanton Bradford, Lake Charles, for Gary B. Bailey & State Farm Mut. Auto.
Jeffrey Martin Cole, Lake Charles, for West Calcasieu Cameron Hosp., et al.
Leon Joseph Minvielle, III, New Iberia, for Florence Miller & Miller's Ins. Co.
H. Clay Ward, Scottie Maxwell, Baton Rouge, for State of La. through Dept. of Pub. Safety & Corr.
Laura K. Austin, Lafayette, for Mount Airy Ins. Co.
Before SAUNDERS, DECUIR and SULLIVAN, JJ.
SAUNDERS, Judge.
The defendants, the City of Westlake and Officer Henry Simms, move this court to dismiss the appeal filed by International Surplus Lines Insurance Company arguing the appeal was taken from a nonappealable interlocutory ruling.
The plaintiffs filed a petition for damages against numerous defendants including the City of Westlake and Officer Simms alleging that Officer Simms, while in the employ of the Town of Westlake, failed to secure the scene of an accident which allegedly resulted in a vehicle operated by Edward Daugherty to collide with another vehicle propelling the second vehicle into Jamie Edwards. The plaintiffs in this action are the co-curators of Jamie Edwards. On September 1, 1994, the City of Westlake filed a third party petition against several insurers including International Surplus Lines Insurance Company. In its third party petition the City alleged that ISLIC covered plaintiffs' claims and that ISLIC had denied coverage. ISLIC filed a motion for summary judgment alleging that the bodily injuries did not fall within the policy's definition of bodily injury and *103 therefore, neither a defense nor coverage was afforded to the City for plaintiffs' claims contained in the petition. On April 10, 1995, the trial court rendered judgment on several motions for summary judgment filed by the parties. In that judgment the trial court granted the summary judgment filed by the City of Westlake and Officer Simms which argued that ISLIC was required to provide a legal defense and coverage. Also in that judgment, the trial court granted motions for summary judgment filed by United Community Insurance Company and Mount Airy Insurance Company against the City of Westlake and Officer Simms, finding no coverage and dismissing these insurers from the suit. On May 15, 1995, the City of Westlake filed a suspensive appeal from the April 10, 1995 judgment which granted United Community Insurance Company and Mount Airy Insurance Company summary judgment. On May 22, 1995, International Surplus Lines Insurance Company also filed a petition for suspensive appeal from the April 10, 1995. The record was lodged with this court on May 26, 1995. On July 11, 1995, the City of Westlake and Officer Simms filed a motion to dismiss the appeal filed by ISLIC. We hereby dismiss the appeal.
La.C.C.P. article 966(D) states as follows:
La.C.C.P. Art. 966. Motion for summary judgment; procedure
D. A summary judgment may be rendered on the issue of insurance coverage alone
La.C.C.P. article 1915(A)(3) states as follows:
La.C.C.P. Art. 1915. Partial judgment
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D)
It is clear under these articles that summary judgment on the issue of insurance coverage is an interlocutory judgment. The appeal and brief by ISLIC make it clear that ISLIC is only appealing the portion of the April 10, 1995 judgment which found coverage and ordered the insurer to provide a legal defense for the defendants. This court finds that this portion of the judgment of the trial court is an interlocutory judgment as contemplated by La.C.C.P. Art. 966(D) and does not cause irreparable injury, therefore the judgment of the trial court is not appealable. See Adams v. St. Tammany Parish, 636 So.2d 1003 (La.App. 1 Cir.1994).
For these reasons, the motion to dismiss is hereby granted at appellant's cost.
APPEAL DISMISSED.