11WOODARD, Judge.
This court issued a Rule to Show Cause why the above captioned appeal should not be dismissed as being an appeal from a non-appealable interlocutory order. We hereby dismiss the appeal.
The plaintiffs filed a petition for damages on February 7, 1996. The parties agreed to a bifurcation of the case and let the court decide the issue of insurance coverage separately from that of liability, quantum and damages. On October 16, 1996, the trial court rendered judgment recognizing coverage on the part of the defendant, Safeway Insurance Company, relative to the claims of the plaintiff. On December 13, 1996, defendant Safeway Insurance Company filed a petition for a devolutive appeal.
The record was lodged with this court on January 21, 1997. On February 20, 1997, this court issued a Rule to Show Cause why the above captioned appeal should not be dismissed from being an appeal from an interlocutory ruling. On March 4, 1997, the defendants responded to the rule to show cause, agreeing that the appeal Rshould either be dismissed or consolidated with the suspensive appeal in our Docket Number 97-196, under the same title. The latter appeal involves the insurance coverage issue as well as the judgment of liability.
The October 16, 1996 judgment in the present case is similar to a summary judgment rendered pursuant to La.Code Civ.P. art. 966(d). Pursuant to that article a trial court can render judgment on the issue of insurance coverage alone. It is clear pursuant to La.Code Civ.P. art. 966(d) and La. Code Civ.P. art. 1915(A)(3), that summary judgment on the issue of insurance coverage alone is an interlocutory judgment, and non-appealable. See Edwards v. Daugherty, 95-702 (La.App. 3 Cir. 8/16/1995) 663 So.2d 102. In the present case we find the judgment to be an interlocutory judgment and nonap-pealable. For this reason we hereby dismiss the appeal at appellant’s cost.

APPEAL DISMISSED.