hAMY, Judge.
The policy limits of a surplus lines insurance provider are at issue in this appeal. Following a remand by the Louisiana Supreme Court, the trial court accepted evidence and concluded that only $835,683.15 of the original one million dollar policy limit remained. The surplus lines insurer appeals, contending that the trial court erred in failing to consider certain evidence regarding what it contends to be an ever-diminishing policy limit. The insurer also contends that the trial court erred in failing to include interest paid on the judgment in calculating the available policy limit, and in awarding interest on future damages from the date of judicial demand. The plaintiffs have answered the appeal, seeking a declaration that the insurer is liable for the entire one million dollar policy limit. For the following reasons, we affirm in part, vacate in part, and remand with instructions.
Factual and Procedural Background
This matter stems from a 1993 automobile accident and entails a complex procedural background.[1] The particularities of *789 the factual background have been previously set forth in full and we decline to do so again. Important for our consideration, however, is the fact that a $3,378,168.00 award, plus costs, was imposed against Edward M. Daugherty, the Calcasieu Parish Sheriffs Department and the Sheriffs insurer, Sphere Drake Insurance, P.L.C.[2] Fault for the accident was | ¡..apportioned 62.5% to Daugherty and 37.5% to the Sheriff of Calcasieu Parish. Sphere Drake was made liable in solido for the fault of the Sheriff. The judgment indicated that Sphere Drake’s liability was subject to the policy limits. On appeal, fault was reapportioned 55% to the Sheriff and 45% to Daugherty. See Edwards v. Daugherty, 97-1542 (La.App. 3 Cir. 3/10/99), 729 So.2d 1112, writs denied, 99-1393, 99-1434 (La.9/17/99), 747 So.2d 1105.
Following the appellate determination, $334,000.00 was deposited in the registry of the court. Sphere Drake asserted that, under the terms of its policy, this was the totality of all that remained of the one million dollar policy limit. This reduced figure, it asserted, resulted from the terms of the policy which included payments for defense costs and payments made to other claimants from the policy. The funds were withdrawn from the registry of the court. Subsequently, on May 9, 2000, the plaintiffs obtained a trial court judgment de-daring that “Sphere Drake P.L.C. remains liable to plaintiffs, Virginia Gail Edwards, et al, in the amount of One Million and No/100 ($1,000,000.00) Dollars, plus judicial interest from April 12, 1994, which is the date of judicial demand, less any payments Sphere Drake P.L.C. may have previously provided to plaintiffs.”
Sphere Drake appealed the May 9, 2000 judgment asserting that this second, amended judgment was procedurally incorrect. The insurer also sought a determination that it had satisfied the judgment previously rendered. On appeal, a 1¡¡panel of this court concluded that the amended judgment constituted an erroneous substantive change to the judgment, that a portion of the Sphere Drake policy that permitted the reduction of the limit of liability due to the payment of defense costs, expenses, and interest, was violative of public policy, and that the policy limits were one million dollars. See Edwards v. Daugherty, 00-606 (La.App. 3 Cir. 12/6/00), 776 So.2d 557.[3]
The Louisiana Supreme Court granted writs on the matter, instructing:
Writ granted in part; otherwise denied. The ruling of the court of appeal is vacated to the extent that it does anything other than 1) reverse the judgment of the trial court of May 9, 2000; *790 2) reinstate the original trial court judgment; and 3) reverse the judgment against Continental Casualty Company. The case is remanded to the trial court for the taking of evidence on whether defendant Sphere Drake Insurance, P.L.C. was an admitted carrier and whether the policy at issue was a surplus lines policy at the time of the issuance. If so, the trial judge should determine the amount remaining available, pursuant to the terms and conditions of the policy, for satisfaction of the judgment rendered in the case. The propriety of that determination may thereafter be raised by any party aggrieved.
Edwards v. Daugherty, 01-0540, p. 1 (La.4/27/01), 791 So.2d 107, 107-08.
On remand, the parties narrowed the focus of the supreme court remand by stipulating that the Sphere Drake policy was a surplus lines policy at the time of issuance and that, Sphere Drake was an “approved unauthorized surplus lines insurance company pursuant to the La.Insurance Code.” At a July 17, 2001 hearing, the trial court accepted evidence and determined that $835,683.15 remained of the Sphere Drake policy at the time of trial. This figure reflected deductions taken for attorney’s fees incurred in the defense of both Sphere Drake and the Sheriff. In finding this reduction from the one million dollar policy limit, the trial court found Rthat the inclusion of these fees in the policy limits was contracted for by the parties. However, the trial court declined to reduce the policy limit by the amount of an appeal bond, concluding that the appeal for which the bond was taken advanced only the interest of Sphere Drake, not the Sheriff. Finally, the trial court found that reduction in the policy limit due to the payment of interest, as urged by Sphere Drake, is against public policy. The judgment reflected liability of $835,683.15 as well as interest from the date of judicial demand. Credit was given for payments made by Sphere Drake.
Sphere Drake appeals and assigns the following as error:
1. The trial court erred when it failed to admit detailed evidence submitted by an insurance company of its payments under an insurance policy, when the trial court was ordered by the Supreme Court to take such evidence and determine whether the insurer had paid its policy limit.
2. The trial court erred when it did not consider the terms and conditions of an insurance policy in order to determine from the evidence whether the insurer had paid its policy limit.
3. The trial court erred when it held an approved unauthorized (surplus lines) insurance carrier violated Louisiana public policy by including interest within its policy limit.
The plaintiffs have answered the appeal, asserting that the judgment should be amended to reflect a one million dollar policy limit.
Discussion
Sphere Drake contests the trial court’s ruling, asserting that the trial court failed to follow the supreme court’s instructions regarding the acceptance of new evidence of payments made after the date of the original trial held in the matter. It contends that consideration of the evidence entered, generally as a proffer, in this matter indicates that it is entitled to a declaration that the judgment against it of June 12, I,^1997 has been satisfied in full. Furthermore, it contends that the trial court erred in concluding that interest payments are not to be considered as deductions under the terms of the policy. It argues that because the policy at issue is a surplus lines policy, it is to be construed *791 according to the intent of the contracting parties and not according to public policy considerations that may be applicable to other policies.

Interest as a Deduction from the Policy Limits

Sphere Drake contends that the terms of the policy permit reduction due to interest payments and that, because the policy is one of surplus lines, it is to be interpreted according to its terms. It points to the portion of the supreme court’s remand language in which it instructed the trial court to “determine the amount remaining available, pursuant to the terms and conditions of the policy, for satisfaction of the judgment rendered in the case.” Edwards, 791 So.2d at 107-08. In its brief to this court, Sphere Drake asserts that this language indicates that “the Supreme Court approved the policy’s terms and conditions, such that the provision including the payment of interest in the policy limit was acceptable to the Court.” The plaintiffs argue, and the trial court found, that La.R.S. 13:4203, along with case law, indicates that public policy prohibits the inclusion of interest as a deduction from policy limits.
With regard to the concept of a diminishing policy limit, the Sphere Drake policy includes the following, entitled “SECTION II — LIMITS OF LIABILITY,” which provides:
4. All “Defense Costs and Expenses” paid by Underwriters shall be added to judgments and settlements paid by Underwriters to determine the exhaustion of Underwriters applicable Limit of Liability.
[6S. Each payment made by Underwriters for damages because of injury or damage to which this insurance applies and for “Defense Costs and expenses” reduces, by the amount of such payment, the applicable Limit of Liability of this policy. Each such payment reduces, by the amount of such payment, the applicable Annual Aggregate Limit of this policy. The limits thus reduced will then be the “Amount of Insurance” available for further payments of claims or expenses.
The portion of the policy regarding deduction of defense costs and expenses, of which interest is argued to be included, is labeled Section IV(3). It provides:
3. “Defense Costs and Expenses” means payments allocated to a specific claim for its investigation, settlement or defense, including:
(a) Attorney fees and all other litigation expenses;
(b) the cost of bonds to appeal a judgment or award;
(c) the cost of bonds to release attachments, but only for bond amounts within the “Amount of Insurance” available;
(d) reasonable expenses incurred by the Insured at Underwriters request to assist Underwriters in the investigation or defense of a claim or suit, including actual loss of earnings up to $100 a day because of time off from work;
(e) costs taxed against the Insured in the suit;
(f) interest on the full amount of any judgment that accrues before or after entry of the judgment and before Reinsurers have paid, or deposited in court the amount available for the judgment under the provisions of SECTION II — Limits of Liability;
(g) fees and expenses of independent adjusters and investigators hired by Underwriters;
Louisiana Revised Statutes 13:4203 provides: “Legal interest shall attach from date of judicial demand, on all judgments, *792 sounding in damages, “ex delicto”, which may be rendered by any of the courts.” Although Sphere Drake argues that this provision is not applicable to the surplus lines policy, we disagree due to the broad language contained in Martin v. Champion Ins. Co., 95-0030 (La.6/30/95), 656 So.2d |7991. In Martin, the supreme court considered the issue of whether an uninsured motorist insurer owed interest on the portion of a judgment in excess of its limits. The supreme court broadly stated: “Under La.R.S. 13:4203 all liability and UM carriers owe interest on their policy limits from the date of judicial demand. Any policy provision which attempts to limit an insurer’s liability for legal interest on the policy limits contravenes the public policy of La.R.S. 13:4203 and cannot be enforced.” Id. at 995 (citations omitted).[4]
Although Sphere Drake presented testimony at the hearing from the Louisiana Department of Insurance regarding the unique nature of surplus lines policies and the fact that the Department is not concerned with the policy language issued by those insurers, we do not find that this testimony undercuts the policy statements of the supreme court in Martin. Although the supreme court was not considering a surplus lines policy in Martin, we conclude that the breadth of its statement requires this court to consider surplus lines affected by the statement. Accordingly, we do not find error in the trial court’s determination that interest does not reduce the amount of the policy limit available.[5]

Interest on Future Damages

Sphere Drake also argues that the award made for future damages should not be subject to prejudgment interest, noting that the first, second, and fourth circuits have reached this conclusion. See, e.g., Williams v. Rubicon, 01-74 (La.App. 1 Cir. 2/15/02), 808 So.2d 852, writ granted, 02-0802 (La.6/7/02), 818 So.2d 766, writ denied as improvindently granted, 02-0802 (La.12/4/02), 833 So.2d 942; Williams v. City of Monroe, 27,065, 27,066 (La.App. 2 Cir. 7/3/95), 658 So.2d 820, writs denied, 95-1998 (La.12/15/95), 664 So.2d 451, 95-2017 (La.12/15/95), 664 So.2d 452; O’Bryan v. Folk Const. Co., 594 So.2d 900 (La.App. 4 Cir.1991).
In consideration of this argument, we first note the wording of La.R.S. 13:4203, which, requires that “Illegal interest shall attach from date of judicial demand, on all judgments, sounding in damages, “ex delic-to”, which may be rendered by any courts.” Considering this language, which is without limit, we find no merit in Sphere Drake’s assertion that the trial court erred in its finding the award of future losses is subject to the payment of interest from date of judicial demand. As noted in Louisiana Farms v. LA. Dept. of Wildlife, 95-845 (La.App. 3 Cir. 10/9/96), 685 So.2d 1086, writs denied, 97-0486 (La.4/4/97), 692 So.2d 420, 97-0507 (La.4/4/97), 692 So.2d 422, the statute makes no differentiation between elements of quantum related to past losses and those elements related *793 to future losses. See also Bruce v. Rogers Oil Tool Services, Inc., 556 So.2d 922 (La.App. 3 Cir.1990). Accordingly, we find no merit in this argument.

Plaintiffs’Answer

The plaintiffs have answered the' appeal, arguing that the trial court erred in accepting evidence in establishing the policy limit. They argue that the wording of the supreme court’s remand indicates that the trial court was only to take evidence as to whether the policy was one of surplus lines. They contend that this error by the trial court permitted evidence to be taken regarding payments made after the time of | atrial. They assert that it is only appropriate that the trial court establish the policy limit to be one million dollars.
We conclude that, based on the supreme court’s instructions in Edwards, 791 So.2d 107, the presentation of evidence on remand was anticipated. The remand language instructed the trial court to take evidence on the surplus lines issue and then determine, if applicable, “the amount remaining available, pursuant to the terms and conditions of the policy, for satisfaction of the judgment rendered in the case.” Id. at 107-08. It appears that if the taking of new evidence was not foreseen, the supreme court could have ruled on the issue based on the appellate record before it at that time. Accordingly, we find that the trial court’s determination to permit the introduction of new evidence to establish the policy limits was not in error.
Neither do we find error in the trial court’s determinations regarding permissible/impermissible deductions to be taken in the calculation of the remaining policy limits. The plaintiffs contest those deductions found permissible. With regard to the deduction of the attorney’s fees from the policy limits, the policy language, excerpted above, broadly provides for the inclusion of “[ajttorney’s fees and all other litigation expenses.” Although the trial court indicated its concern over the inclusion of this type of fees in the contract, it ultimately concluded that the contract provided for this type of expense for the insurer. We find no error in this regard. Although public policy may be implicated insofar as the payment of the insurer’s attorney’s fees are at issue, there is no case from the supreme court, as we have above with Martin, prohibiting this type of contractual provision relating to defense costs. Accordingly, we affirm this aspect of the ruling.
|inWe also affirm those aspects of the trial court’s ruling excluding certain expenses from the determination of the policy limits. Above, we affirmed the determination that interest is not a permissible deduction. Furthermore, we affirm the trial court’s decision to exclude the appellate bond costs from the policy limit. The trial court explained that the bond serves no interest other than that of the insurer and, accordingly, was inappropriately asserted to reduce the policy limits.

Remand

Having found no error in the type of deductions from the policy limits found appropriate by the trial court, review of the record does not allow this court to arrive at a precise figure for the remaining policy limit and then review that figure against the figure arrived at by the trial court. After a lengthy hearing, the trial court stated that it was arriving at its figure by considering a schedule of expenses, submitted by the plaintiffs, which contained amounts related to payments on Edwards, and other claims, up to the time of trial.
However, the trial court added to this a judgment in another Calcasieu Parish case, *794 Guillory v. Calcasieu Parish, 410 So.2d 1213 (La.App. 3 Cir.1982), rendered prior to the judgment in this case. Accordingly, the judgment owed in Guillory would be deducted from the $1,000,000.00 Calcasieu Parish policy limit available for the subsequent judgment in Edwards. The consideration of the payment made in Guillory was correct. However, the trial court was imprecise, as was the evidence, as to the exact amount of the Guillory judgment, a portion of which was apparently interest and which, under the ruling of the trial court and this court, cannot be deducted from the policy limits. In the end, the record is inconclusive. The evidence and arguments indicate that there are certain deductions the insurer is entitled to take under the terms of the policy. |¶1 These have been proven in the schedules and payment logs submitted by the parties. However, because the insurer was possibly including interest in a number of these payments, it seems that payments, as presented, may not be reflective of what figure was in payment of a claim and what was related to interest.[6] It is impossible without further explanation/clarification from the attorneys and trial court, to perform that task on this record. Due to the deficiency, we are unable to determine whether the trial court followed the supreme court’s order to “determine the amount remaining | ^available, pursuant to the terms and conditions of the policy, for satisfaction of the judgment rendered in the case.” Edwards, 791 So.2d at 107-08.
We affirm the trial court’s findings regarding the exclusion of interest and bond costs. We also affirm the trial court’s determinations regarding the inclusion of attorney’s fees. We remand this matter strictly for calculation of the policy limit and the taking of evidence limited to determining and/or clarifying the calculation in accordance with the issues resolved above regarding permissible deductions. The policy limit deductions taken for other claims in Calcasieu Parish are to be made without the inclusion of interest. We order that all calculations and supporting evidence be entered into the record in the event of review.
DECREE
For the foregoing reasons, we affirm the factual findings of the trial court regarding *795 permissible deductions to the policy limits of the Sphere Drake policy. Thus, we affirm the finding that attorney’s fees are to be included as a deduction from the policy limits. We further affirm the determination that interest and bond costs are not to be included in determining the policy limit. The trial court’s determination-that $835,683.15 remains of the policy limit is vacated. This matter is remanded for the trial court to receive evidence as to the policy limit. In particular, the trial court is to consider evidence regarding payments made in other cases that affect the policy limits. As in this case, the sums relating to these other suits are not to include interest paid on those judgments. The trial court is ordered to list all deductions, specifically including the specific dollar figure, and make all calculations a part of the record so that such deductions and calculations might be reviewed. Costs of this proceeding 113are assigned equally to Sphere Drake Insurance, P.L.C. and the plaintiff, Virginia Gail Edwards, as Natural Tutrix, et al.
AFFIRMED IN PART. VACATED IN PART. REMANDED WITH INSTRUCTIONS.
SAUNDERS, J., dissents and assigns written reasons.
WOODARD, J., dissents.

. For opinions addressing various aspects of this matter, see Edwards v. Daugherty, 00-606 (La.App. 3 Cir. 12/6/00), 776 So.2d 557, writ granted in part, vacated in part, 01-540 (La.4/27/01), 791 So.2d 107; Edwards v. Daugherty, 00-606 (La.App. 3 Cir. 6/14/00), 769 So.2d 611; Edwards v. Daugherty, 98-635 (La.App. 3 Cir. 6/9/99), 736 So.2d 345, writ denied, 99-2034 (La.9/17/99), 747 So.2d 568; Edwards v. Daugherty, 97-1542 (La.App. 3 Cir. 3/10/99), 729 So.2d 1112, writs denied, 99-1393, 99-1434 (La.9/17/99), 747 So.2d *789 1105; Edwards v. Daugherty, 95-702 (La.App. 3 Cir. 1/10/96), 670 So.2d 220, writ denied, 96-0362 (La.3/22/96), 669 So.2d 1212; Edwards v. Daugherty, 96-2966 (La.12/13/96), 692 So.2d 364; Edwards v. Daugherty, 95-702 (La.App. 3 Cir. 8/16/95), 663 So.2d 102.

. Sphere Drake Insurance, P.L.C., provides an excess insurance policy to the Louisiana Sheriff’s Risk Management Program. The policy is an aggregate policy providing an annual aggregate of $1,000,000 per claim, per parish, and $2,000,000 for the state as a whole. Prior to this policy coming into effect, the Sphere Drake policy requires the payment of $100,000 from the sheriff’s self-insurance fund and $850,000 from the self-insured retention fund of the Louisiana Sheriff’s Risk Management Program. The record indicates that, at the time of the 1993 trial, the $100,000 and $850,000 ''deductibles” were satisfied. Therefore, the Sphere Drake excess policy and another excess policy, that issued by Lloyd’s of London remained. The Lloyd’s policy provides coverage in the amount of $1,000,000 per claim, per parish, subject to an annual aggregate of $10,000,000.

. The Edwards appeal of December 6, 2000, was a consolidated case, with the companion matter reported at Edwards v. Daugherty, 00-966 (La.App. 3 Cir. 12/6/00), 776 So.2d 567.

. The supreme court continued, stating: "While section 13:4203 prohibits an insurer from reducing its liability for interest on its policy limits, that section does not prohibit insurers from lowering, excluding or extending their interest liability on amounts in excess of their policy limits. Limiting interest obligations for excess judgments does not violate the public policy of section 13:4203 which mandates legal interest on the policy limits from the date of judicial demand.” Id.

. Although the original ruling of a panel of this court reaching this result with regard to interest was vacated by the supreme court writ grant, the supreme court generally vacated the ruling, making no specific reference to the determination that the policy provision was against public policy.

. The lack of specificity is exemplified in the following exchange between counsel for Sphere Drake and a Sphere Drake representative:
Q. Mr. Sawden, for this policy, did you ever pay any other claim where you also paid interest?
A. Yes.
Q. Which claim was that?
A. It was a claim entitled Guillory v. Cal-casieu Parish.
[[Image here]]
Q. When you paid that claim was that a judgment?
A. That was a judgment.
Q. There was some interest on that judgment?
A. Yes.
With regard to the amount of interest, counsel for Sphere Drake stated to the trial court that: "Like this Clofus Guillory case that we talked about, there’s about $12,000 in interest that was paid out of this policy but deducted from the million.” Similarly, in ruling, the trial court referenced the Guillory matter stating generally that:
I’m looking at $791,853 because I subtracted the amount of the judgment that Judge Godwin ordered in the Guillory case I think it was. Was it the Guillory case, $85,000? I’m giving you the benefit of that because I’m taking your position even though I don’t have a copy of that order. I don’t think you would misrepresent the Court, being a longstanding officer, that it was $84,000 (sic) that was entered by oral order by Judge Godwin.
While these statements are helpful in some respects, they are illustrative of the lack of precision in the evidence presented and the trial court's ruling. These general references prevent review with any degree of certainty.