BOUTALL, Judge.
The furnisher of cabinets sued the owner-builder of a new house for the price of the cabinets. From a judgment in plaintiff’s favor, the owner appeals.
Belle Chasse Cabinet Works, Inc. entered into a contract with Edward Jenkins to furnish (without installation) a number of cabinets for a new house that he was building, with himself acting as general contractor. The cabinets were installed by another subcontractor of Jenkins’ choice. After installation, the owner decided that the cabinets were defective and did not meet the specifications he required. Accordingly, they were removed from the premises and stored elsewhere. This suit to recover the price followed.
*718 The owner refused payment contending that the corners of some cabinet doors were warped and the hinges were not set squarely or evenly. The plastic laminate was improperly finished and the lap-joint was reversed in some instances causing an uneven appearance of edges. The cabinets did not fit properly into the assigned spaces and the utility room base cabinets were the wrong length. In support of his contentions, the defendant offered three expert witnesses to prove the poor workmanship and appearance of the cabinets. The trial court in his reasons for judgment, did not assign as much evidentia-ry value to the testimony of these witnesses as he did to plaintiff’s expert, the latter being the only individual who had a long history of both the manufacture and installation of cabinets personally. Additionally, the record indicates that a considerable portion of the defendant’s witnesses’ testimony does indeed support the position of plaintiff rather than defendant.
It is apparent that there were some defects in the cabinets when they were furnished, however it is equally apparent that these defects were of a minor nature and could be easily corrected. In fact the parties stipulated that “it is physically possible to remedy all alleged defects . . ^either on the job site or at plaintiff’s facili-. ties.” The evidence in general establishes the fact that the cabinets were improperly installed by the owner’s other subcontractor who used screw nails to nail them into the places assigned, rather than screwing them in so that adjustment could be made for proper fit and squaring of the cabinets. Some of the assigned spaces were not themselves square, and the installer had some problems in making a proper fit. As a result of this, some of the uneven edges complained of were created by saw marks made by the installer. The unevenness of the hinges and similar items are all subject to correction at the time of installation. The improper hole for the utility bowl could easily be corrected. The defendant’s action in having the cabinets removed without giving plaintiff a chance to correct these minor items cannot cause the defeat of plaintiff’s claim for payment. Insofar as the improper length of the two utility room base cabinets, the evidence demonstrates that one was longer than the other in order to properly fit the assigned spaces, and that the installer cut off some of the longer cabinet to make it fit the shorter space, and thus the shorter cabinet was too short to fill the longer space.
We conclude that the evidence fairly substantiates the findings of the trial judge.
Appellant contends that the trial court erred in assessing him with the price of some cabinets that were never furnished. The evidence shows however that plaintiff was in the process of constructing some additional cabinets in its plant, and that its charges for those items only encompassed the work and materials up to the unfinished status at the time when appellant informed plaintiff that the other cabinets were unsatisfactory and that all cabinets should be removed and taken back.
The last error complained of is the assessment of expert fees. The trial court adjudicated that the expert fees of plaintiff be assessed at $375.00 and appellant contends this is erroneous since the only expert furnished by plaintiff was its stockholder and operator Aubrey Adams, Sr. We do not hesitate to affirm this portion of the judgment because the parties stipulated as to the amount of expert witness fees for each side and the record makes it clear that plaintiff had additional experts who were to testify, but were not called as a result of the stipulation.
For the reasons above assigned, the judgment is affirmed.

AFFIRMED.

REDMANN, J., concurs.