YELVERTON, Judge.
The City of Lake Charles filed suit against Dave’s Swedish Spa Resort, Inc. to recover a 1% city sales tax on sales of membership fees for use of defendant’s facilities for the period from January 1, 1981, through September 30, 1981, together with penalties, interest, collection fees and attorney’s fees, pursuant to Lake Charles City Ordinance No. 1535. The defendant-appellant answered the rule setting forth various affirmative defenses, including judicial and equitable estoppel, res judicata and various federal and state constitutional defenses. From a judgment in favor of the City of Lake Charles, the defendant has appealed. We affirm.
The facts are undisputed. Dave’s Swedish Spa is a Louisiana corporation doing business in Lake Charles. The defendant charged dues or fees for the privilege of access to and the use of its facilities. The facilities included free weights, two saunas, a whirlpool, a swimming pool thirty feet long and twelve feet wide, dynamic exercise equipment, one exercise floor, and a sun solarium. The benefits from exercise were advertised to increase coordination, stamina and endurance as well as relieve stress and tension. There were no organized games, contests or competitive sports at this facility-
In December of 1980 the City of Lake Charles sent letters to all the health spas in the city limits informing them that it would begin to assess a 1% sales tax on membership fees beginning January 1,1981. Counsel for the parties at trial stipulated that if *52 judgment were rendered in favor of the City, the sum of $1,179.18 would be the correct assessment of taxes, penalties and attorney’s fees against the defendant during the period in contention here.
The assessment was made under Ordinance No. 1535 of the City of Lake Charles which levies a sales tax upon the sale of certain services. Article 301, Section 1(b)(2) of that ordinance includes in the definition of taxable sales:
(2) The sale of admission to place of amusement, to athletic entertainment other than that of schools, colleges and universities, and recreational events, and the furnishing, for dues, fees, or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities;
The City contended, and the trial court found, that the facilities are “athletic” and “recreational,” and that therefore the sales were taxable. Judgment was accordingly rendered for the stipulated amount.
The defendant contends on appeal that the trial court erred in the following respects: (1) in failing to find that the City was barred by the principles of estoppel or res judicata from making this assessment by virtue of a decision of the Louisiana State Board of Tax Appeals; (2) in failing to find the ordinance is unconstitutional; (3) in finding the facilities to be athletic and recreational; and (4) in awarding penalties, collection fees, interest and attorney’s fees.
The trial court gave a full, well reasoned opinion for its judgment. After carefully considering the facts as disclosed by the record and the arguments of counsel, we conclude that the trial court was eminently correct in its findings of fact and law and we adopt its reasons for judgment as our own. We set forth those reasons in full:
EFFECT OF THE DECISION OF THE BOARD OF TAX APPEALS
The above-quoted language of the ordinance is identical to the language of the state sales tax statute, R.S. 47:301(14)(b). The Collector of Revenue for the State of Louisiana had previously made an assessment against “Oak Park Swedish Health Spa.” Oak Park Swedish Health Spa was the name under which the former owner of these facilities had operated. The decision of the Board of Tax Appeals dated October 25,1976, cancelled the assessment. Defendant contends that by virtue of this decision, the City is estopped from making its assessment. The defendant further contends that the matter is res judicata.
Counsel for defendant has made a very learned and detailed argument in support of defendant’s position. The court has considered the argument, but concludes that the City is not bound by the Board of Tax Appeals decision, either under estoppel principles or the principle of res judicata. Among its findings and conclusions contrary to the contentions of defendant are these. Neither of the parties to the Board of Tax Appeals case is a party to the present suit, nor is there sufficient identity of interest and privity among the parties for the judgment to be binding on the City. There has been no conduct or representations on the part of the City to cause the defendant to rely on such conduct and change its position to its detriment; the defendant has not in fact relied on any conduct or representation of the City, or of the State, for that matter; and there has been no change in defendant’s position, much less a change to its detriment because of any reliance on representations by the State or the City. The requirement under the estoppel doctrine that there be a representation by a party cannot be extended to include the outcome of a trial between one who makes a representation (the representation allegedly being the assessment of the tax by the State) and another party. Finally, the court concludes that the City is not an ayant cause and does not share the same quality as parties with the State.
Opposition to the assessment of a tax by one taxing authority because of a ruling by one tribunal adverse to another taxing authority in a dispute with another party under similar circumstances is certainly understandable. But the legal principles asserted *53 in support of this opposition are simply not applicable and do not furnish a legal basis for invalidating the tax assessment at issue here.
CONSTITUTIONALITY OF THE ORDINANCE
The court does not agree with defendant that utilization of the words “amusement, entertainment, or recreational facilities” and “dealer” is overly broad, vague, and in violation of Article 1, Section 3 of the Louisiana Constitution of 1974 and the Fourteenth Amendment.
There is no evidence to support the contention that the sales tax sought to be imposed discriminates against the defendant by subjecting its property to a tax not imposed upon others in the same class.
There is no constitutional prohibition against causing this defendant to go to court to defend this suit in spite of the fact that a former owner of the facilities had previously been successful in the hearing before the Board of Tax Appeals.
The court concludes that the ordinance is not unconstitutional.
MERITS
The question is: Does the .defendant’s operation fall within the ambit of the statute for purposes of imposition of the tax?
Defendant sells membership fees to members of the public for the use of its facilities. The facilities include a small swimming pool, a sauna, steam room, a whirlpool, exercise machines, weights and sun lamps. Defendant presented a number of witnesses who testified that they go to the spa solely for reasons of health, some having been recommended to do so by their doctors. There was testimony of the health benefits derived from the use of these facilities. In fact, it was stipulated that health benefits are received by the members from the use of these facilities. For purposes of this decision, the court will assume that all users of the facilities pay their fees with the expectation of receiving some health benefits, and that all do receive some such benefits. But this, in itself, does not preclude these facilities from being athletic and recreational facilities, and thus, place defendant’s operation outside the ambit of the ordinance. The further additional fact that no competitive athletic contests are conducted at the spa or sponsored by the spa, and that no facilities are available for athletic games such as tennis, etc. does not mean that the facilities cannot be considered athletic facilities.
Facilities which increase one’s athletic abilities are athletic facilities, whether or not one chooses to use his increased athletic abilities competitively. These facilities are designed to, and presumably do, increase one’s strength and stamina, cause loss of excess weight, and in general, improve one’s physical fitness. Swimming and weight lifting are athletic sports, even though the participant does not engage in them competitively. Furthermore, undoubtedly, some of defendant’s clients do use their increased athletic abilities as a result of use of these facilities, in engaging in competitive athletic events. The conclusion is inescapable that these facilities which offer improved physical fitness through their use are athletic facilities.
They are also recreational facilities. There was testimony to the effect that after use of these facilities, one is refreshed, both in body and in mind. Stress is relieved. Are these not the purposes and results of recreational activities?
While one may be motivated to join the spa to improve an arthritic or heart condition, and not to improve their athletic abilities so that they can engage in athletic events competitively, nor because they “enjoy” using the facilities, this does not mean that these facilities are neither athletic nor recreational. The results are both recreational and improved physical fitness.
For these reasons, the City is entitled to recover the sales tax due on the fees collected for the use of these facilities. The evidence supports the correctness of the amount sued for.
*54 Accordingly, judgment will be rendered in favor of the plaintiff and against the defendant in the amount of $1,179.18, including taxes, penalties, interest, collection fee, and attorney’s fees for the period of January 1, 1981, through September 30, 1981.
Judgment will further be rendered making the rule issued herein absolute, prohibiting the defendant from further pursuit of business until such time as it has paid the delinquent taxes, interest, etc. to the plaintiff.
Costs to be paid by defendant.
Appellant’s technical defenses primarily focus on judicial estoppel, equitable estoppel and res judicata. The common law doctrine of judicial estoppel does not apply in Louisiana. Doyle v. State Farm (Mut.) Ins. Co., 414 So.2d 763 (La.1982). The doctrine of equitable estoppel is recognized in this State but estoppels are not favored in law because they bar the normal assertions of rights. Guillory v. Calcasieu Parish Police Jury, 410 So.2d 1213 (La.App. 3rd Cir.1982). Three of the elements of estoppel required before the court can invoke the doctrine are: (1) a representation by conduct or word; (2) justifiable reliance; and (3)a change of position to one’s detriment because of the reliance. Guillory, supra. These three elements are not present in this case.
The doctrine of res judicata also is not available as a defense. LSA-C.C. art. 2286 requires that the thing demanded be the same, the cause of action be the same, and the parties be the same. In the present case we agree with the trial court’s determination that neither of the parties to the Board of Tax Appeals case is a party to the present suit. Also, the tax sought in the first suit was a 5% state sales tax assessed in a prior year, not the 1% city sales tax for the period from January 1, 1981, through September 30, 1981. See Carre v. City of New Orleans, 6 So. 893 (La.1889).
Appellant makes the additional argument on this appeal that the trial court erred in awarding the sum of $1,179.18 to the city because this sum inequitably included penalties, interest, collection fees and attorney’s fees. This argument has no merit. The record clearly reflects that at trial defendant’s counsel stipulated that the sum of $1,179.18 was the correct assessment under the ordinance if judgment were rendered in favor of the plaintiff. The stipulation is binding on defendant. See Western Surety Company v. Avoyelles Farmers Co-Operative, 277 So.2d 627 (La.1972); Belle Chasse Cabinet Works, Inc. v. Jenkins, 380 So.2d 717 (La.App. 4th Cir.1980). The trial court’s award was correct.
For the above reasons, the judgment of the trial court is affirmed at defendant-ap-, pedant’s costs.
AFFIRMED.