594 So.2d 935 (1992)
DAIGLE BROTHERS SAND AND DIRT, INC., Plaintiff-Appellee,
v.
The SECRETARY OF the DEPARTMENT OF REVENUE and TAXATION FOR the STATE OF LOUISIANA, Defendant-Appellant.
No. 90-883.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Roddy & Watson, James A. Watson, Lake Charles, for plaintiff-appellee.
*936 Marlon V. Harrison, Susan C. Edelen, Baton Rouge, for defendant-appellant.
Before DOMENGEAUX, C.J., and STOKER and MARCANTEL[*], JJ.
DOMENGEAUX, Chief Judge.
Daigle Brothers Sand and Dirt, Inc. instituted this action against the Secretary of the Department of Revenue and Taxation for the State of Louisiana, Shirley McNamara, before the Louisiana Board of Tax Appeals, in response to an assessment made by the Department for $28,330.94 in past due sales tax and interest. After an evidentiary hearing, the Board of Tax Appeals ruled in Daigle Brothers' favor and set aside the assessment. The Secretary then petitioned the district court for judicial review of the Board's decision.[1] The district court affirmed the Board's decision and this appeal followed. We affirm.
In 1986, the Department assessed Daigle Brothers with a deficiency of sales tax for the period beginning January 1, 1982 and ending December 31, 1984. Prior to January 1, 1982, Daigle Brothers sold sand and dirt obtained from land owned by others. Daigle Brothers collected and paid sales tax on all sales made prior to that date. After that date, Daigle Brothers purchased its own land and sold sand and dirt obtained from its newly acquired land. The two owners of Daigle Brothers and the corporation's CPA contacted the Lake Charles office of the Department of Revenue and Taxation; each was advised that no sales tax was due on the sale of dirt or sand obtained from land owned by the seller. Relying on this information supplied by a Department employee, who was himself a CPA, Daigle Brothers did not collect and pay sales tax from January 1, 1982 through December 31, 1984.[2]
In written reasons for judgment, the trial judge discussed the manifest error standard of review applicable in cases arising from a decision of the Board of Tax Appeals. Because the Board acts as a trial court, its findings of fact should be accepted where there is substantial evidence in the record to support them and should not be set aside unless manifestly erroneous. Collector of Revenue v. Murphy Oil Corp., 351 So.2d 1234, at 1236 (La.App. 4th Cir.1977), cited with approval in St. Pierre's Fabrication and Welding, Inc. v. McNamara, 495 So.2d 1295 (La.1986).
The trial judge then reviewed the facts established in the record from the proceedings before the Board and determined that the Department was estopped from collecting the tax assessment from Daigle Brothers because the tax statute at issue, La. R.S. 47:301(16), containing the definition of "tangible personal property," is unclear and ambiguous.
While it is true that the Louisiana Fifth Circuit has recently ruled on the taxable nature of Mississippi River sand in Sales Tax Collector, St. Charles Parish v. Westside Sand Co., Inc., 534 So.2d 454 (La.App. 5th Cir.1988), writ denied, 536 So.2d 1240 (La.1989), cert. denied, 491 U.S. 905, 109 S.Ct. 3188, 105 L.Ed.2d 696 (1989), it is clear that the Fifth Circuit, in 1988, considered the issue a difficult one that had never before been considered by a court of this state. The court did not consider the ownership of the land from which the sand was taken, the question which ignited the controversy before us; rather, the court addressed the deimmobilization of the sand once it was removed from the land. Regardless of the context of the Fifth Circuit decision, we do not reach this issue because of our disposition of the case sub judice based on the estoppel question as hereinafter discussed.
The Department presently contends that the sale of dirt or sand, regardless of *937 its origin, is the sale of tangible personal property and is therefore taxable. However, the Lake Charles office of the Department apparently did not believe dirt and sand were taxable for the 1982-1984 period, given the communications made to representatives of Daigle Brothers. The trial judge found the sales tax law to be neither clear nor unambiguous and noted that the discrepancy within the Department further evidenced an ambiguity in the law. Under these circumstances, estoppel may bar collection of the tax at issue herein. See St. Pierre's Fabrication, supra.
Applicability of the equitable estoppel doctrine requires proof of three elements:
(1) a representation by conduct or word;
(2) justifiable reliance; and
(3) a change of position to one's detriment because of the reliance.
Guillory v. Calcasieu Parish Police Jury, 410 So.2d 1213 (La.App.3d Cir.1982); see also, City of Lake Charles v. Dave's Swedish Spa Resort, 441 So.2d 50 (La.App. 3d Cir.1983), writ denied, 444 So.2d 120 (La. 1984). The trial judge considered these criteria and noted:
All of these elements are present in this case. Representations were made by Mr. Himel (a CPA with the Department) that no tax was due on four different occasions. Because of those statements and because competitors also did not charge sales tax, the Daigles were justified in relying on the representations. According to the testimony before the Board of Tax Appeals, a great number of the sales of dirt and sand by the Daigles were to small businesses and contractors who are no longer in business. It would be impossible for Daigle Brothers to recoup the sales tax from any such individuals. Without doubt, the Daigles made a detrimental reliance on the information furnished by the Department's employee, Mr. Himel. Under the circumstances of this case, the Department is estopped from collecting the sales tax.
We have thoroughly reviewed the record before us and find no manifest error in the trial court's conclusions. The trial court properly determined that the Department was estopped from collecting the tax assessed against Daigle Brothers. Such being the case, it correctly found that it was unnecessary to rule on the question of whether the sand and dirt sold by Daigle Brothers are taxable as tangible personal property.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs in the amount of $475.58 are assessed to the Department of Revenue and Taxation for the State of Louisiana.
AFFIRMED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] During the pendency of the district court proceedings, Leon R. Tarver II replaced Shirley McNamara as Secretary of the Department of Revenue and Taxation.
[2] Daigle Brothers immediately began to collect and pay sales tax in 1985 when it learned that the Department's position had apparently changed.