# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-569


SASOL NORTH AMERICA, INC.

VERSUS

LOUISIANA DEPARTMENT OF REVENUE



**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
BOARD OF TAX APPEALS, THIRD, NO. 8580


**\*\*\*\*\*\*\*\*\*\***


## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion and Phyllis M. Keaty, Judges.



**REVERSED AND RENDERED.**

**David R. Cassidy**
**David R. Kelly**
**Breazeale, Sachse & Wilson, L.L.P.**
**P. O. Box 3197**
**Baton Rouge, LA 70821**
**(225) 387-4000**
**COUNSEL FOR APPELLANT:**
      **Sasol North America, Inc.**

**Miranda Y. Conner**
**Antonio Ferachi**
**Brandea Averett**
**Debra Morris**
**Brian DeJean**
**Louisiana Department of Revenue**
**P. O. Box 4064**
**Baton Rouge, LA 70821-4064**
**(225) 219-2080**
**COUNSEL FOR APPELLEE:**
      **Louisiana Department of Revenue**

**GREMILLION, Judge.**

This dispute revolves around the claim of Sasol North America, Inc., Appellant, of entitlement to a refund in the amount of $741,350.00 on its 2000 Louisiana State income taxes. From an adverse decision of the Louisiana Board of Tax Appeals (the Board), Appellant lodged this appeal. The Louisiana Department of Revenue (Department) has answered the appeal and asserts that the Board erred in finding that Appellant's refund claim was not prescribed.

## FACTS

Appellant is engaged in commodity chemical production for use in the manufacture of consumer products. Appellant purchased an interest in PHH Monomers, LLC, in 1996 for $59,334,951.00. Appellant characterizes PHH as a partnership between Condea Vista[1], the predecessor of Appellant, and Pittsburgh Paint and Glass (PPG) to produce vinyl chloride monomers. Condea Vista and PPG would take in-kind shares of the vinyl chloride monomers PHH produced. Appellant used this to produce polyvinyl chloride (PVC).

In 1999, Appellant sold its interest in PHH for $37,073,593.00. Between 1996 and 2000, Appellant claimed losses on its interest in PHH of $44,678,924.00, which took the form of depreciation. Appellant claims that its tax department overstated its capital gain on the sale by $7,744,027.00, though. The then-manager of Appellant's tax department, Mr. Brad Blue, a Certified Public Accountant, testified before the Board that this overstatement resulted from applying depreciation as though PHH's assets were its own, rather than those of the partnership Appellant characterizes PHH.

---

[1] Condea Vista had been owned by a German concern. In 1999, it was sold to the Sasol group and its name was changed.

An audit of Appellant's taxes by the Department revealed this overpayment. The Department and Appellant entered into successive agreements, pursuant to La.R.S. 47:1623(B), that suspended prescription over taxes owed or refunds owed for the years 1996-2000. The last of those agreements was to expire on December 31, 2008. On December 12, 2008, the Department sued Sasol in the Nineteenth Judicial District Court to collect additional taxes for 2000. That suit was dismissed by the trial court on motion for involuntary dismissal in 2012.

Appellant filed an amended Louisiana tax return in May 2012 seeking a refund of the $741,350.00. This return was rejected because the Department adopted the position that if a taxpayer is time-barred from filing an amended federal tax return, that taxpayer cannot file an amended state tax return. In support thereof, the Department cited La.R.S. 47:287.63, which reads, "'Allowable deductions' for a taxable year means the deductions from federal gross income allowed by federal law in the computation of taxable income of a corporation for the same taxable year, subject to the modifications specified in this Part." Because Appellant would be unable to file an amended federal return, it could not, according to the Department, file an amended state return.

The matter came before the Board of Tax Appeals. The Department interposed an exception of prescription, which was denied by the Board. After hearing the evidence on the merits, the Board ruled that the accounting error was not an "'error, omission, or mistake of fact of consequences[sic]' as contemplated by R.S. 47:1621B(3)." Because Appellant's error failed to qualify for a refund under La.R.S. 47:1621(B), the Board concluded that Appellant was not qualified under Subsection (C), which requires a showing by the taxpayer of entitlement to a refund by clear and convincing evidence. The Board discounted the testimony of

2

Mr. Blue as self-serving, and found that Appellant had failed to submit documentation of the nature of the transaction in which Appellant divested itself of its interest in PHH, and its proof did not rise to meet the clear-and-convincing-evidence standard in Subsection (C). This appeal followed.

**ASSIGNMENTS OF ERROR**

Appellant assigns two errors of the Board: was it entitled to a refund, and whether a taxpayer seeking a refund pursuant to La.R.S. 47:1621(B) is required to prove its case by a preponderance of the evidence.

The Department answered the appeal and asserts that the Board erred in denying its exception of prescription.

**ANALYSIS**

*Prescription*

We will first address the Department's argument that Sasol's claim for a refund is barred by prescription. The prescriptive period for refunds or credits is established in La.R.S. 47:1623, which reads, in pertinent part:

> A. After three years from the 31st day of December of the year in which the tax became due or after one year from the date the tax was paid, whichever is the later, no refund or credit for an overpayment shall be made unless a claim for credit or refund has been filed with the secretary by the taxpayer claiming such credit or refund before the expiration of said three-year or one-year period. The maximum amount which shall be refunded or credited shall be the amount paid within said three-year or one-year period. The secretary shall prescribe the manner of filing claims for refund or credit.

> B. Provided that in any case where a taxpayer and the secretary have consented in writing to an extension of the period during which an assessment of tax may be made, the period of prescription for refunding or crediting overpayments as provided in this Section shall be extended in accordance with the terms of the agreement between the taxpayer and the secretary.

3

After the Department's suit was filed, Sasol filed its claim for this refund. The Department argues that because Appellant did not pursue its claim for a refund by the December 31, 2008 deadline specified in the agreement, it is barred from pursuing it. This argument ignores the language of La.R.S. 47:1623(F)(1)(a), which provides that when the Department initiates an action to collect taxes, the period of prescription for a refund or credit is suspended when the taxpayer has submitted a refund claim prior to an assessment becoming final. The Department's suit against Appellant was dismissed in April 2012. Appellant's claim for a refund was submitted in May.

Prescription of refund or credit claims is governed by La.R.S. 47:1623(A), which provides that a claim for a refund prescribes after three years from the 31st day of December of the year in which the tax became due, or one year from the date the tax was paid, whichever is later. The tax on this gain was due in 2000. The first of the agreements between Appellant and the Department was dated August 7, 2003. The claim by Appellant for its refund, then had almost five months before it would have been prescribed. The claim was timely filed, as prescription had been suspended until April 2012 and this claim was filed a month later.

*Merits of Appellant's Demand*

The factual determinations of the Board of Tax Appeals are reviewed under the manifest error standard. *Daigle Bros. Sand & Dirt, Inc. v. Sec'y of Dep't of Revenue & Taxation for State of La.*, 594 So.2d 935, 936 (La.App. 3 Cir. 1992).

Louisiana Revised Statutes 47:1621 governs the refund of overpayments of state income taxes. Subsection (B) provides that the secretary *shall* make a refund of each overpayment where it is determined that:

4

(1) The tax was overpaid because of an error on the part of the taxpayer in mathematical computation on the face of the return or on any of the supporting documents.

(2) The tax was overpaid because of a construction of the law on the part of the taxpayer contrary to the secretary's construction of the law at the time of payment.

(3) The overpayment was the result of an error, omission, or a mistake of fact of consequence to the determination of the tax liability, whether on the part of the taxpayer or the secretary.

(4) The overpayment resulted from a change made by the secretary in an assessment, notice, or billing issued under the provisions of Chapter 18 of Subtitle II of this Title.

(5) With regard to a Louisiana income tax overpayment, the overpayment resulted from a change in federal income tax data which formed the basis for calculation of the Louisiana income tax.

(6) With regard to any Louisiana tax overpayment, the overpayment resulted from an overpayment of estimated Louisiana tax.

(7) With regard to a Louisiana income tax overpayment, the overpayment resulted from application of a Louisiana net operating loss carryover for all claims for this deduction on any return filed on or after July 1, 2015, regardless of the taxable year to which the return relates.

(8) The overpayment resulted from a subsequent determination that the taxpayer was entitled to pay a tax at a reduced tax rate.

The statute further provides, in Subsection (C), that, "Notwithstanding the provisions of Subsection B, where it is determined that there is clear and convincing evidence that an overpayment has been made, the secretary shall make a refund, subject to the conditions and limitations provided by law."

We do not find it necessary to address Appellant's contention that the Board applied the wrong burden of proof under Subsection (B), because under either a preponderance-of-the-evidence or a clear-and-convincing-evidence standard, we find that the Board manifestly erred in finding that Appellant did not prove that it

overpaid its taxes as "the result of an error, omission, or a mistake of fact of consequence to the determination of the tax liability, whether on the part of the taxpayer or the secretary," under La.R.S. 47:1621(B)(3). Treating the assets of PHH as Appellant's own asset was certainly an error of consequence to the determination of Appellant's tax liability if PHH is properly classified as a partnership.

In support of its contention that PHH was a partnership, Appellant offered its Schedule K-1 forms that it filed with the Internal Revenue Service during the tax years 1996 through 1999. Schedule K-1 is the Internal Revenue Service form on which a partner's share of a partnership's income is reported. Further, Appellant offered the December 5, 2007 correspondence of Ms. Charlene Blanchard, a Revenue Tax Audit Specialist for the Department, who acknowledged that PHH was a partnership.

This evidence notwithstanding, the Board found that Appellant failed to carry its burden of proof. At least in part, this conclusion was based upon the Board's discounting of Mr. Blue's testimony as "self-serving." The Board must consider the evidence that is presented to it to the same extent as a state district court. La.R.S. 47:1412. Accordingly, when the court of appeal reviews a Board decision, it cannot find that the Board manifestly erred when there are two permissible views of the evidence. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Conversely, when there is but one permissible view of the evidence, the Board may not ignore that evidence. A trier of fact's findings must be reasonable in light of the record reviewed in its entirety. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990). In this matter, the Board's findings are not reasonable in light of the

6

evidence discussed above, including Mr. Blue's testimony, the Schedule K-1s, and the Department's position in its audit of Appellant.

The Department argues further that Appellant is barred from claiming a "deduction" on its state return because it is barred from doing so on its federal return due to the passage of time. The Department's position is based upon La.R.S. 47:287.63, which reads, "'Allowable deductions' for a taxable year means the deductions from federal gross income allowed by federal law in the computation of taxable income of a corporation for the same taxable year, subject to the modifications specified in this Part." Under state law, gross income for state tax purposes is the same as gross income for federal tax purposes. La.R.S. 47:287.61. For federal tax purposes, a capital loss from the sale of an asset represents a deductible item for purposes of establishing a taxpayer's adjusted gross income. 26 U.S.C.A. §62(a)(3). Capital gains, however, are income that is calculated by determining the difference between the asset's sale price and its basis. *See C.I.R. v. Gillette Motor Transp., Inc.,* 364 U.S. 130, 80 S.Ct. 1497 (1960). The basis is not a deduction; it is the amount subtracted from a sale price to determine whether there has been a "gain" realized on the sale. Louisiana Revised Statutes 47:287.63 does not apply to this case.

For the foregoing reasons, the judgment of the Board of Tax Appeals denying Sasol North America, Inc., a refund on its fiscal year 2000 state income taxes is reversed. Judgment is rendered herein in favor of Sasol North America, Inc., and against the State of Louisiana, Department of Revenue in the amount of $741,350.00. All costs of this appeal, in the amount of $1,197.00, are taxed to the Louisiana Department of Revenue.

**REVERSED AND RENDERED.**

7